IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-325-TDD |
| ) | |
| HEATHER NICOLE BYCROFT, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Amended Motion for Revocation of Detention Order [Doc. No. 56]. Defendant moves for a revocation of an order that she be held pending trial, issued by United States Magistrate Judge Steven P. Shreder in the Eastern District of Oklahoma on September 30, 2021 [Doc. No. 29]. The Government filed a response in opposition [Doc. No. 57]. This Court previously ordered the Government to supplement its response with the transcript of the detention hearing and any materials presented to Magistrate Judge Shreder. *See* Order [Doc. No. 58]. The Government made its supplemental filing, and the Court will now address the merits of the instant motion.

The Court must conduct a *de novo* review of the detention order [Doc. No. 29], and it must make an independent determination of whether Defendant should be detained or released on conditions pending trial. To that end, the Court has reviewed the transcript of the detention hearing [Doc. No. 59-1], the Indictment [Doc. No. 34], the Complaint and accompanying affidavit [Doc. No. 1], and the pretrial services report. Although not required, the Court has discretion to hold an evidentiary hearing. *See United States v. Oaks*,

793 F. App'x 744, 747 (10th Cir. 2019). Upon consideration, the Court finds that an additional hearing is not necessary.

To obtain the detention of the defendant, the government bears the burden to prove "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence." *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

Where, as here, a defendant is charged with committing an offense against a minor victim under 18 U.S.C. §§ 2251 and 2252(a)(4), a rebuttable presumption arises under 18 U.S.C. § 3142(e), that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community if the court finds probable cause to believe that the defendant committed the offense charged. "Once the presumption is invoked, the burden of production shifts to the defendant." *United States v. Stricklin*, 932 F.2d 1353, 1354–55 (10th Cir. 1991). Although the defendant's burden to overcome this presumption is not heavy, she must still produce "some evidence." *Id.* at 1355. And even when the defendant meets his burden, "the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.* The burden of persuasion remains at all times with the government. *Id.* at 1354–55. Pursuant to 18 U.S.C. § 3142(g), the following factors must be considered:

(1) the nature and circumstances of the offense charged . . . ;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including–

    (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

As pertinent to the application of the § 3142(g) factors, the Court makes the following findings of fact:

1.    Defendant is a 36-year-old citizen of the United States. She lives in Broken Arrow, Oklahoma with her husband, Defendant Jason Bycroft, and son.

2.    Defendant recently obtained a degree in early childhood education and has maintained employment for the past 17 months as an elementary school teacher at Bixby Public Schools.

3.    Defendant is in good physical health and reports no history of substance abuse.

4.    Defendant reports having a history of suicidal ideations. In 2017, she sought treatment for depression. She explains that she is not currently experiencing suicidal thoughts or in need of mental health treatment.

5.    Defendant has no criminal history.

6. Defendant, along with her husband, now faces charges set out in an indictment returned by the Grand Jury on October 12, 2021. The indictment charges Defendant with one count of sexual exploitation of a child/use of a child to produce a visual depiction and one count of possession of certain material involving the sexual exploitation of a minor.

7. The information leading to these charges being filed against Defendant resulted from a law enforcement investigation, which was prompted by a tip from the National Center for Missing and Exploited Children (NCMEC). In August 2021, law enforcement received a tip from the NCMEC indicating that child pornography was observed trafficked to an account on Dropbox, an internet file hosting site. That account belonged to an individual using an email address and username containing Defendant Jason Bycroft's name. After obtaining a warrant to search the Dropbox account, law enforcement discovered videos they allege depict Jason Bycroft intentionally exposing a six-year-old girl's vagina in a swimming pool. Law enforcement claim the individual holding the recording device, although she cannot be seen, can be heard speaking in the videos. Based on the sound from the videos, law enforcement claims Defendant Heather Bycroft filmed the videos. Multiple witnesses, including relatives of Defendant, identify the individual speaking in the videos as Heather Bycroft.

8. Defendant offered evidence at the detention hearing held before Magistrate Judge Shreder through the testimony of her mother, Casey Wallis. Ms. Wallis testified that she would make sure Defendant adhered to any conditions of release imposed on Defendant by the Court.

9. If released pending trial, Defendant would either return to her home or live with her mother. She stated she would attempt to obtain employment at a local shopping center or call center.

The foregoing findings establish that defendant is accused of multiple serious felony offenses. The Government's case for detention rests heavily on the § 3143(e) presumption and the nature and circumstances of the offenses charged. The Government also argues the release of Defendant poses danger to the community. These arguments are based on the allegations that Defendant exploited a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

The court finds probable causes exists to believe Defendant committed an offense against a minor victim under §§ 2251 and 2252(a)(4). The § 3143(e) presumption that no condition would be sufficient to reasonably assure Defendant's appearance and the safety of the community thus applies.

Defendant offered some, albeit minimal, evidence that she is not a flight risk or a danger to the community. At the detention hearing, Defendant's mother testified that she would ensure Defendant's compliance with any condition the Court imposed if it were to release her pending trial. Defendant stated she would return to her home or live at her mother's home, both of which are in Broken Arrow. And Defendant explained she would seek employment at a local shopping center or call center. This evidence is sufficient for Defendant to meet her burden to overcome the presumption that no condition would be sufficient to reasonably assure Defendant's appearance and the safety of the community. The presumption, nonetheless, remains a factor in the Court's determination.

The § 3142(g) factors weigh against Defendant's pretrial release. First, the nature and circumstances of the offenses weigh in favor of detention. Defendant is accused of exploiting and recording a six-year-old girl in order to produce sexually graphic material. Second, the weight of evidence against Defendant favors neither release nor detention. Defendant's face is not visible in the videos relating to the charged conduct. Multiple witnesses, however, have identified Defendant's voice in the video. Third, the history and characteristics of Defendant favor pretrial release because Defendant has no criminal history. Finally, based on the allegations that Defendant exploited a minor and recorded her while Defendant's husband exposed the minor's vagina, the danger posed to the community by Defendant's release weighs against her pretrial release.

In consideration of the § 3142(e) presumption, the nature and circumstances of the offenses charged, and the weight of the evidence against Defendant, the Court concludes that the government has met its burden of proof, by clear and convincing evidence, that if released the defendant poses a serious risk of danger to the community. The Court further concludes that no condition or combination of conditions could reasonably assure the safety of the community.

**IT IS THEREFORE ORDERED** that Defendant's Amended Motion for Revocation of Detention Order [Doc. No. 56] is **DENIED**. The Detention Order Pending Trial [Doc. No. 29] is **AFFIRMED**.

**IT IS SO ORDERED** this 8th day of December, 2021

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE